# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA SYLVESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 08-0665 |
| v. | ) |
| | ) |
| COMMISSIONER OF SOCIAL | ) Judge Schwab |
| SECURITY, | ) Magistrate Judge Lenihan |
| Defendant. | ) |

## **MEMORANDUM ORDER**

Plaintiff's Complaint was received by the Clerk of Court on May 16, 2008 and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation (Doc. No. 15) filed on February 11, 2009, recommended that Plaintiff's Motion for Summary Judgment (Doc. No. 10) be denied. It further recommended that Defendant's Motion for Summary Judgment (Doc. No. 12) be granted and that the decision of the Commissioner to deny Plaintiff disability insurance benefits and supplemental security income be affirmed. Service was made on all counsel of record. The parties were informed that in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, that they had ten (10) days to file any objections. On February 20, 2009, Plaintiff filed Objections to the Report and Recommendation (Doc. No. 16), and two Appendices mistakenly omitted from the original filing of her Motion for Summary Judgment (Doc. Nos. 17 & 18). The Objections raise

three arguments.

First, Plaintiff argues again that the record evidence does not contradict her assertion that she did not abuse substances after June 2004. The record evidence reflects that the ALJ's determination on this issue is supported by substantial evidence. Appendix A, filed with the Objections, sets forth "Procedures for Processing Cases involving Drug Addiction and/or Alcoholism" and provides that there be medical evidence "from an acceptable medical source," and the medical evidence is "sufficient and appropriate to establish that the claimant has a medically determinable substance use disorder." (Doc. No. 17 at 8.) Here, the ALJ's reliance on Dr. Campopiano's treating records documenting Opiate Addiction from June 2004 until January 2006 meets this threshold; the ALJ's determination on the issue is supported by substantial record evidence as thoroughly discussed in the Magistrate Judge's Report and Recommendation[1].

Next, Plaintiff argues that these same treating records document that Plaintiff was being prescribed Suboxone, a medication that should not be prescribed for a patient who is continuing to abuse opiates because of the adverse effects of combining the two substances. (Doc. No. 16 at 7.) Plaintiff suggests that because she was prescribed Suboxone, the Court

---

[1]Plaintiff's three objections are preceded by a discussion of the Program Circular, "DAA Questions and Answers" (Appendix B, Doc. No. 18), and a footnote quoting language from Sklenar v. Barnhart, 195 F. Supp.2d 696, 700 (W.D. Pa. 2002); Plaintiff states that when making the determination of whether substance abuse is material to the disability finding, the claimant receives the benefit of the doubt in cases where record evidence is ambiguous. (Doc. No. 16 at 3-5.) Yet, Plaintiff's objections focus on the issue of whether Plaintiff was abusing substances after June 2004, and not on whether the findings relating to whether substance abuse was material to the disability finding is supported by substantial evidence. That is, Plaintiff contends that in the absence of substance abuse, which she contends is the case here after June 2004, substance abuse cannot be material to a disability finding. The Program Circular, Sklenar and cases cited therein, do not stand for the proposition that where the existence of substance abuse is contested, Plaintiff receives the benefit of the doubt on this issue.

should conclude that she was taking the medication as prescribed, and that she was not taking opiates. Yet, Plaintiff's medical records indicate that Plaintiff continued to use opiates when Suboxone was prescribed in November 2003, December 2003, and May 2004. (Tr. 207, 206, 200.) Plaintiff concludes that "the most reasonable explanation for Dr. Campopiano's continued reference to opiate abuse was as a medical <u>diagnosis</u> required to justify a medical <u>prescription</u> for Suboxone." (Doc. No. 16 at 8) (emphasis in original). Yet, the medical records reflect "opiate addiction," and not "history of opiate addiction," or some other notation that Plaintiff's condition was in any stage of remission. The Court, in applying the appropriate standard of review, must find that the ALJ's determination that Plaintiff's substance abuse continued beyond June 2004 is supported by substantial record evidence.

Finally, Plaintiff argues that the Magistrate Judge's reliance on a treatment note by Dr. Placci in January 2005 that Plaintiff "may be abusing medication," is "misplaced" because the comment is vague, and the issue of possible abuse of medication was not raised again after this January 2005 office note. (Doc. No. 16 at 9.) The Court has carefully reviewed the Magistrate Judge's Report and Recommendation and concludes that the Magistrate Judge's consideration of these treatment notes was in conjunction with her comprehensive review of all record evidence to determine whether the ALJ's March 30, 2006 decision was supported by substantial evidence.

After review of the pleadings and the documents in the case, together with the Report and Recommendation and the Objections thereto, the following Order is entered:

**AND NOW,** this 5th day of March, 2009;

**IT IS HEREBY ORDERED** that Plaintiff Pamela Sylvester's Motion for Summary Judgment (Doc. No. 10) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security's Motion for Summary Judgment (Doc. No. 12) is **GRANTED,** and that the decision of the Commissioner to deny Plaintiff disability insurance benefits and supplemental security income is **AFFIRMED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. No. 15) of Magistrate Judge Lenihan, dated February 11, 2009, is adopted as the Opinion of the Court.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: The Honorable Lisa Pupo Lenihan
United States Magistrate Judge

All counsel of record